[No. 13563.  In Bank. — July 30, 1890.]

A. C. GILBERT, RESPONDENT, *v.* A. H. JUDSON, APPELLANT.

ASSUMPSIT FOR SERVICES — SPECIAL CONTRACT FOR COMMISSIONS — LAYING OUT LOTS FOR SALE. — Under a contract, by the terms of which the plaintiff was to receive a commission for the sale of such lots as the defendant desired to sell in a certain tract, the prices and items to be agreed upon thereafter, which commission was to be his compensation for services rendered in surveying and laying the lots out ready for the market, the plaintiff is not entitled to recover for his services rendered in connection with the laying out of the lots, if the defendant complied with the terms of the contract upon his part in fixing prices upon all the surveyed lots he desired to sell, and plaintiff failed to sell any of such lots, on the sale of which his compensation depended.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*R. K. Wood*, for Appellant.

*Brousseau & Hatch*, and *W. S. Knott*, for Respondent.

GIBSON, C. — This was an action brought by A. C. Gilbert, to recover of A. H. Judson the value of certain ser-

vices rendered to Judson, under a written contract, in assisting and advising him in relation to the surveying and laying out of a portion of a tract of land in Los Angeles County, known as Highland Park tract, for the purpose of placing the same upon the market for sale; also, damages for the breach of said contract, caused by Judson refusing to permit him to proceed with the erection of two houses on a portion of the tract, upon the cost of which he was to receive a certain percentage, in consideration of furnishing plans and specifications, and purchasing material therefor, and in superintending the construction thereof.  The court found that the plaintiff did, under the contract, superintend the survey and subdivision of a portion of the defendant's tract of land, and that such services were reasonably worth one hundred dollars; but found against him and in favor of the defendant as to the other matter.  Judgment for the amount so found to be due him passed for plaintiff, from which defendant brings this appeal.

The only question presented here is, whether the plaintiff, under the terms of the contract, is entitled to compensation for the services found by the court to have been rendered, and depends upon a construction of the contract.  The portion of it material to this question is as follows:—

" I hereby appoint A. C. Gilbert sole agent for the sale of such property as I may desire to sell in the Highland Park tract, at a commission of ten per cent on all sales that may be effected by him, which shall be in full for any services he may render me in assisting and advising in the surveying and laying out of the lands ready for market. . . . . I hereby authorize him to at once proceed and have the lots known as my home tract to be surveyed and mapped ready for beginning operations. . . . . Prices and items to be hereafter agreed upon."

From the language of this contract, we think it clear that the commission plaintiff was to receive for selling

the lots was intended to compensate him, and be his only compensation, for services rendered in surveying and laying them out ready for the market.

This is the construction placed upon it by the plaintiff in his complaint, who seems to have realized that, in order to recover the reasonable value of his services, instead of the sum expressly provided for in the contract, it would be necessary for him to show a breach of the contract on the part of the defendant, whereby he was prevented from selling such lots. With this end in view, he alleged that he had often insisted upon defendant placing a price upon lands in the home tract, a portion of the Highland Park tract, but he always refused to do so, and that plaintiff, who had shown the lands to customers, was prevented from selling any of such lands because of the defendant's refusal to fix any price thereon.

The defendant, in his answer, denied these allegations, and averred that he did fix prices on all lands in the home tract he desired to sell; and that plaintiff failed to procure a purchaser for said lands, or any part thereof. On the issue thus tendered the court found: " That defendant gave plaintiff prices on his [defendant's] lots in the tract surveyed and subdivided, but that the plaintiff did not sell any of said lots." This finding must be regarded as conclusive, as the evidence is not before us. And as it shows that the defendant complied with the terms of the contract upon his part in fixing prices upon all the surveyed lots he desired to sell, and that plaintiff failed to sell any of such lots, upon the sale of which his compensation depended, it follows that the trial court erred in concluding that he was entitled to recover the reasonable value of the services he rendered in connection with the laying out of the lots.

We therefore advise that the judgment be reversed and the cause remanded, with instructions to the trial court to enter judgment for the defendant upon the findings.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded, with instructions to the court below to enter judgment for the defendant upon the findings.